IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| STEVE KELLY, | CV 15-00109-H-DLC-JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| OPPORTUNITY BANK, INC., and APRIL MARSH, | |
| Defendants. | |

Plaintiff Steve Kelly has filed a proposed Complaint and a Motion to Proceed in Forma Pauperis. (Docs. 1-2.) Mr. Kelly alleges Defendants interfered with a private business issue, violated his right to privacy, failed to maintain adequate oversight of bank employees, and violated the Freedom of Information Act and Privacy Act. (Doc. 2.) The Motion to Proceed in Forma Pauperis will be granted, but the Complaint should be dismissed with prejudice because Mr. Kelly failed to state a claim to relief.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Kelly submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) Mr. Kelly may proceed in forma pauperis. 28 U.S.C. § 1915(a).

# STATEMENT OF THE CASE

### A. Parties

Mr. Kelly is proceeding without counsel. The proposed Complaint names as Defendants Opportunity Bank, Inc. and April Marsh, branch manager of the Opportunity Bank located in Helena, Montana. (Doc. 2.)

### B. Allegations

Mr. Kelly alleges that he and Scott Brown agreed Mr. Kelly would wash Mr. Brown's windows. He alleges he washed the windows on August 3, 2015. Mr. Brown first told Mr. Kelly he would pay by check as soon as Mr. Kelly had finished the job; however, after Mr. Kelly washed the windows, Mr. Brown allegedly told Mr. Kelly he would pay in cash the next day. On August 4, 2015, Mr. Brown allegedly informed Mr. Kelly that he had left a sealed envelope containing the cash payment for Mr. Kelly to pick up at Opportunity Bank. Mr. Kelly alleges he did not retrieve the envelope but called the Bank to confirm that Mr. Brown had left the envelope for him.

Mr. Kelly alleges the Bank wrongly allowed Mr. Brown to use the Bank "as a venue in which to further 'cheat,' and to use the bank as a message center, in an attempt for Brown to pay Kelly an inferior amount of finances as to the appropriate and required amount owed." (Doc. 2 at 4.) He alleges the Bank, by allowing Mr.

Brown to leave an envelope with Mr. Kelly's name on the envelope, violated Mr. Kelly's right to privacy, interfered with a private business issue, failed to maintain adequate oversight of bank employees, and violated the Freedom of Information Act and Privacy Act.

## STATUS

As Mr. Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is that review.

## STANDARDS

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than

3

conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

## ANALYSIS

### A. Jurisdiction

Mr. Kelly filed this action in federal court, in the Helena Division of the

District of Montana. (Doc. 2.) Venue is proper as the alleged wrongs were committed in Lewis and Clark County, Montana. Local Rule 3.2(b); Mont. Code Ann. § 25-2-122(1)(b). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Mr. Kelly attempts to allege a violation under 5 U.S.C. § 552a, which could invoke subject matter jurisdiction. 28 U.S.C. § 1331. However, Mr. Kelly does not name a government entity as a Defendant. The only named Defendants are private entities. There does not appear to be federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, Mr. Kelly has failed to show that this Court has jurisdiction over this matter. *See* Fed.R.Civ.P. 8(a) (a pleading must contain "a short and plain statement" showing the court's jurisdiction).

The case was assigned to Hon. Dana L. Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

**B. Failure to State a Claim**

Regardless of the jurisdictional question, Mr. Kelly's allegations fail to state a claim. The Bank is not a federal agency and is therefore not subject to the requirements of the Privacy Act. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1138 (9th Cir. 2008) (citing 5 U.S.C. § 552a) ("The Privacy Act governs the disclosure of, access to, and amendment of records on individuals that are maintained by

federal agencies.") 5 U.S.C. § 552a provides civil remedies only when the government fails to comply with a provision of the Privacy Act. Mr. Kelly also cites 12 U.S.C. § 3401, but this statute does not give rise to a civil cause of action and merely defines terms.

Furthermore, there was no Fourth Amendment violation. "[C]ases sometimes characterized as protecting 'privacy' actually involved 'at least two different kinds of interests': one, an 'interest in avoiding disclosure of personal matters'; the other, an interest in 'making certain kinds of important decisions' free from government interference." *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 144 (2011) (quoting *Whalen v. Roe*, 426 U.S. 589, 598-600 (1977)). The United States Supreme Court has "assume[d], without deciding, that the Constitution protects a[n informational] privacy interest." *Id*. at 138. The few United States Supreme Court cases that squarely addressed a right to informational privacy all involved government action. *Id*.; *Nixon v. Adm'r of Gen. Services*, 433 U.S. 425 (1977); *Whalen*, 426 U.S. 589. Defendants are not government actors, and their actions in this case do not implicate a privacy interest of constitutional significance. Instead, the interest implicated seems to be an "interest in avoiding disclosure of personal matters."

Likewise, Mr. Kelly cannot state a state law claim against Defendants. The

6

Montana Supreme Court defines the common law cause of action for invasion of privacy as a "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to as person of ordinary sensibilities." *Miller v. Great Falls Athletic Club, LLC*, 242 P.3d 1286, *1 (Table) (Mont. 2010) (citations omitted). Mr. Kelly has failed to show that the placement of an envelope with his name on it at the Bank was a "wrongful intrusion" into his private activities, let alone that it would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

"The right of privacy, under the Montana Constitution, is a fundamental right, which includes the right to informational privacy; that is, the right of individuals to control the disclosure and circulation of personal information." *Mont. Shooting Sports Ass'n, Inc. v. State of Mont.*, 224 P.3d 1240, 1244 (Mont. 2011). This right "protects information if (1) the individual has a subjective expectation of privacy regarding the information and (2) that expectation is reasonable." *Id*. (citing *State of Mont. v. Burns*, 830 P.2d 1318, 1321 (1992)). "[T]he privacy section of the Montana Constitution contemplates privacy invasion by state action only." *State v. Long*, 700 P.2d 153, 157 (Mont. 1985). Mr. Kelly has sued Ms. Marsh and the Bank, not the State, and therefore fails to invoke a state constitutional claim for violation of privacy. In addition, he has not

established that he had a right to privacy in the information at issue.

Mr. Kelly's remaining allegations that Defendants interfered with a private business issue and failed to maintain adequate oversight of bank employees do not raise a federal question and fail to state a claim.

## CONCLUSION

The Court has considered whether Mr. Kelly's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A(b). The Court does not have subject matter jurisdiction over this matter under either the diversity or federal question statutes. Moreover, even if jurisdiction could be established, Mr. Kelly cannot set forth sufficient facts to support a federal or state common law or constitutional cause of action for violation of his privacy rights. This defect cannot be cured by the allegation of additional facts. Therefore, this action should be dismissed with prejudice.

It is **ORDERED:**

1. Mr. Kelly's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed December 11, 2015.

3. At all times during the pendency of this action, Mr. Kelly **MUST IMMEDIATELY ADVISE** the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

It is **RECOMMENDED:**

1. Mr. Kelly's Complaint be **DISMISSED** with prejudice. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Kelly may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.[1] Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A district judge will make a de novo determination of those

---

[1] As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 12th day of January, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge